**NOT FOR PUBLICATION**

IN THE DISTRICT COURT OF THE VIRGIN ISLANDS
DIVISION OF ST. THOMAS AND ST. JOHN

|  |  |
|---|---|
| THE BANK OF NOVA SCOTIA, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Civil No. 2005-208 |
| ) | |
| FRANK A. JAMES, ) | |
| ) | |
| Defendant. ) | |
| _____ ) | |

ATTORNEYS:

**Matthew J. Duensing, Esq.**
St. Thomas, U.S.V.I.
    *For the plaintiff,*

**Frank A. James**
1113-26 Estate Solberg, St. Thomas, U.S.V.I. 00802
    *Pro se defendant.*

## ORDER

**GÓMEZ, C.J.**

The plaintiff in this matter, the Bank of Nova Scotia ("BNS"), commenced this debt and foreclosure action on December 15, 2005, against defendant Frank A. James ("James").

The record reflects proof of service of BNS's complaint and summons on James. James has not filed an answer to BNS's complaint.

*The Bank of Nova Scotia v. James*
Civil No. 2005-208
Order
Page 2

BNS filed a request for entry of default on its complaint against James, pursuant to Federal Rule of Civil Procedure 55(a) ("Rule 55(a)").[1]

Now, BNS moves for default judgment against James pursuant to Federal Rule of Civil Procedure 55(b)(2) ("Rule 55(b)(2)").

Rule 55(b)(2) allows courts to enter a default judgment against a properly served defendant who fails to file a timely responsive pleading. *Anchorage Assoc. v. V.I. Bd. of Tax Rev.*, 922 F.2d 168, 177 n.9 (3d Cir. 1990). Significantly, "entry of default by the Clerk under Federal Rule of Civil Procedure 55(a) constitutes a general prerequisite for a subsequent default judgment under Rule 55(b)." *Husain v. Casino Control Com'n*, 265 Fed. Appx. 130, 133 (3d Cir. Feb. 20, 2008) (unpublished).

As of the date of this Order, there has been no entry of default against James in this case. As such, BNS's motion for default judgment is premature. *See, e.g., id.* ("A review of the District Court docket confirms that no default was ever entered against the Commission Defendants, and the District Court

---

[1] That rule provides:

> When a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend, and that failure is shown by affidavit or otherwise, the clerk must enter the party's default.

Fed. R. Civ. P. 55(a).

*The Bank of Nova Scotia v. James*
Civil No. 2005-208
Order
Page 3

accordingly was correct to deny Husain's motion for default judgment."); *see also Limehouse v. Delaware,* 144 Fed. Appx. 921, 923, 2005 WL 1625233 at *2 (3d Cir. 2005) ("[T]he District Court properly denied the motion because Limehouse failed to obtain entry of default prior to seeking a default judgment.").

Accordingly, it is hereby

**ORDERED** that the motion for default judgment is **DENIED** without prejudice.

S_____
**CURTIS V. GÓMEZ**
**Chief Judge**