FOR PUBLICATION

IN THE DISTRICT COURT OF THE VIRGIN ISLANDS
DIVISION OF ST. THOMAS AND ST. JOHN

|  |  |  |
|---|---|---|
| THE BANK OF NOVA SCOTIA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Civil No. 2005-208 |
| | ) | |
| FRANK A. JAMES, | ) | |
| | ) | |
| Defendant. | ) | |
| _____ | ) | |

ATTORNEYS:

**Matthew J. Duensing, Esq.**
St. Thomas, U.S.V.I.
     *For the plaintiff,*

**Frank A. James**
1113-26 Estate Solberg, St. Thomas, U.S.V.I. 00802
     *Pro se defendant.*

<u>ORDER</u>

GÓMEZ, C.J.

        The Bank of Nova Scotia ("BNS"), commenced this debt and foreclosure action on December 15, 2005, against defendant Frank A. James ("James").  The record reflects proof of service of BNS's complaint and summons on James.  James has not filed an answer to BNS's complaint.

        BNS filed a request for entry of default on its complaint against James, pursuant to Federal Rule of Civil Procedure 55(a)

*The Bank of Nova Scotia v. James*
Civil No. 2005-208
Order
Page 2

("Rule 55(a)").[1]  In October, 2008, the Clerk of the Court

entered default against James.

Now, BNS moves for default judgment against James pursuant

to Federal Rule of Civil Procedure 55(b)(2) ("Rule 55(b)(2)").

Federal Rule of Civil Procedure 55(b)(2) allows courts to

enter a default judgment against a properly served defendant who

fails to file a timely responsive pleading. *Anchorage Assoc. v.*

*Virgin Is. Bd. of Tax Rev.*, 922 F.2d 168, 177 n.9 (3d Cir. 1990).

The rule further provides "no judgment by default shall be

entered against an infant or incompetent person unless

represented in the action by a general guardian, committee,

conservator, or other such representative who has appeared

therein." Fed. R. Civ. P. 55(b)(2); *Murphy v. C.W.*, 158 Fed.

Appx. 393, 396 (3d Cir. Jan. 5, 2006) (unpublished).

Additionally, the plaintiff must file an affidavit "stating

whether or not the defendant is in military service and showing

necessary facts to support the affidavit . . . ."  50 App. U.S.C.

---

[1]  That rule provides:

> When a party against whom a judgment for
> affirmative relief is sought has failed to plead
> or otherwise defend, and that failure is shown by
> affidavit or otherwise, the clerk must enter the
> party's default.

Fed. R. Civ. P. 55(a).

*The Bank of Nova Scotia v. James*
Civil No. 2005-208
Order
Page 3

§ 521(b)(1) (the "Servicemembers Civil Relief Act").  The entry

of a default judgment is largely a matter of judicial discretion,

although the United States Court of Appeals for the Third Circuit

has emphasized that such "discretion is not without limits,

however, and we have repeatedly stated our preference that cases

be disposed of on the merits whenever practicable." *Hritz v. Woma*

*Corp.*, 732 F.2d 1178, 1181 (3d Cir. 1984).

Here, BNS has not submitted, nor does the record contain,

any affidavits or evidence of any kind to show that James is not

an infant or incompetent.  While the record contains a copy of a

computer printout from the Department of Defense Manpower Data

Center which purports to prove that James is not serving in the

military, the printout is not accompanied by any affidavit or

other certification of its authenticity.  BNS has failed to

comply with the requirements of Rule 55(b)(2) and the

Servicemembers Civil Relief Act.  *See*, *e.g.*, *Bank of Nova Scotia*

*v. Brown,* 2008 U.S. Dist. LEXIS 32777 at *3-4 (D.V.I. 2008)

(holding that the plaintiff was not entitled to default judgement

against the defendant because the plaintiff had not complied with

the requirements of Rule 55(b)(2) or the Servicemembers Civil

Relief Act); *Ross v. Baker*, 2006 U.S. Dist. LEXIS 77216 at *4

(W.D. Mich. Oct. 23, 2006) (denying a default judgment motion

where the "[p]laintiffs have not tendered an affidavit stating .

*The Bank of Nova Scotia v. James*
Civil No. 2005-208
Order
Page 4

. . that the defendant is not an infant or incompetent person")

(unpublished); *United States v. Simmons*, 508 F. Supp. 552, 552-53

(E.D. Tenn. 1980) (denying the plaintiff's motion for a default

judgment because the plaintiff failed to provide a sufficient

affidavit showing that the debtor was not in military service).

    Accordingly, it is hereby

    **ORDERED** that BNS's motion for default judgment is **DENIED**

without prejudice.

S_____
      **CURTIS V. GÓMEZ**
        **Chief Judge**